# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

GEORGE EDWARD TYLER
JACKSON,

    Petitioner,

v.                                      Case No. 1:24-cv-129-MW/MJF

STATE OF FLORIDA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner is a State of Florida pretrial detainee proceeding *pro se*. He filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Docs. 1, 2. Because Jackson has not exhausted remedies available to him under Florida law, and the abstention doctrine enunciated by *Younger v. Harris* applies, the District Court should dismiss Jackson's petition.

### I. BACKGROUND

On July 26, 2024, Jackson filed a § 2241 petition and a memorandum in support. Docs. 1, 2. Jackson alleges that on May 19, 2023, police officers arrested him for kidnapping/false imprisonment and sexual assault. *Id.* at 3; *State of Florida v. Jackson*, No. 01-2023-CF-

001592-A (8th Jud. Cir. May 20, 2023).[1] The State later amended the charges to kidnapping with intent to commit or facilitate the commission of another felony. Jackson has been in pre-trial detention since his arrest in May 2023. Jackson currently is scheduled to be tried on October 14, 2024.

Jackson asserts that the State is wrongfully detaining him and that his detention is a direct result of "a falsified sworn statement in which no affidavit was filed with the courts." Doc. 1 at 6. Jackson contends that prosecutors and police officers are improperly withholding exculpatory evidence or are failing to consider exculpatory evidence. *Id.* at 7–8.

Jackson requests that the District Court dismiss his State charges and quash any outstanding warrants for Jackson's arrest.

## II. DISCUSSION

Section 2241 of Title 28 of the United States Code empowers district courts to grant a writ of habeas corpus. 28 U.S.C. § 2241(a). Under section

---

[1] The undersigned takes judicial notice of the documents filed in the Eighth Judicial Circuit Court in and for Alachua County, Florida. Under Federal Rule of Evidence 201(b), a court may take "judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999).

2241, a writ of habeas corpus shall not extend to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Once a section 2241 is filed, a court must "promptly examine" the habeas petition. Rule 4, Rules governing Section 2254 Proceedings for U.S. District Courts.

Although state pretrial detainees may file a section 2241 petition, such claims are "extraordinary" and are viable only rarely. *Christian v. Wellington*, 739 F.3d 294, 297 (6th Cir. 2014); *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1261 (11th Cir. 2004). Habeas-corpus proceedings under section 2241 are not intended to serve "as a substitute for the functions of the trial court." *Henry v. Henkel*, 235 U.S. 219, 229 (1914). Thus, "in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial." *Jones v. Perkins*, 245 U.S. 390, 391–92 (1918).

**A.     Jackson Failed to Exhaust His Administrative Remedies**

A district court "may not grant a § 2241 petition 'unless the petitioner has exhausted all available state remedies.'" *Johnson v. Florida*, 32 F.4th 1092, 1095–96 (11th Cir. 2022); *Hughes*, 377 F.3d at

1262 n.4; *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) (Tjoflat, J., specially concurring). Requiring state pretrial detainees to exhaust remedies available under state law minimizes "interference by federal courts in the normal functioning of state criminal processes." *Moore v. DeYoung*, 515 F.2d 437, 441–42 (3d Cir. 1975); *see Johnson*, 32 F.4th at 1096. To fully exhaust available remedies, a state pre-trial detainee must: (1) fairly present his federal claim to the state courts; and (2) must take his claim "to the state's highest court, either on direct appeal or on collateral review." *Johnson*, 32 F.4th at 1096.

To overcome a failure to exhaust remedies, a pretrial detainee must show "an absence of available State corrective process" or that circumstances exist that render such process ineffective to protect his rights. 28 U.S.C. § 2254(b)(1)(B)(i)–(ii); *see Johnson*, 32 F.4th at 1097; *Breazeale v. Bradley*, 582 F.2d 5, 6 (5th Cir. 1978). A district court may dismiss a habeas petition when it appears on the face of the petition that the petitioner failed to exhaust his state remedies. *See Jones v. Bock*, 549 U.S. 199, 215 (2007); *Okpala v. Drew*, 248 F. App'x 72, 73 (11th Cir. 2007).

Here, in the applicable Florida District Court of Appeals, Jackson could have filed a petition for a writ of habeas corpus and release from

pre-trial detention. *Magbanua v. McNeil*, 310 So. 3d 138, 141 (Fla. Dist. Ct. App. 2021); *see generally* Fla. Stat. 907.045. Furthermore, if the Florida District Court of Appeals had denied Jackson's petition, Jackson could have sought review in the Supreme Court of Florida. Jackson took neither of these steps. Doc. 1 at 2–5. Accordingly, Jackson has not pursued—much less exhausted—the remedies afforded to him by Florida law.

Because Jackson failed to exhaust his state remedies before filing his § 2241 commencing suit and has failed to show that he is entitled to a waiver of the exhaustion requirement, the District Court should dismiss Jackson's section 2241 petition.

**B.** ***Younger v. Harris* Indicates that Abstention is Appropriate**

There is a second, independent reason for dismissal of Jackson's petition: *Younger v. Harris* requires district courts to abstain from interfering with state criminal prosecutions.

Federal law generally permits "state courts to try state cases free from interference by federal courts." *Younger v. Harris*, 401 U.S. 37, 43 (1971). Accordingly, when a petitioner seeks federal habeas relief pretrial, the petitioner "must satisfy the '*Younger* abstention hurdles'

before the federal courts can grant such relief." *Hughes*, 377 F.3d at 1262 (quoting *Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977)).

In *Younger*, the Supreme Court held that federal courts should not enjoin a pending state criminal proceeding unless an injunction is necessary to prevent great and immediate irreparable injury. 401 U.S. at 53–54. Under *Younger*, a district court should abstain from interfering with ongoing state proceedings when "(1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceeding afford adequate opportunity to raise constitutional issues." *Johnson*, 32 F.4th at 1099; *see Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). There are three narrow exceptions to the abstention doctrine: "(1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Johnson*, 32 F.4th at 1099.

Generally, the *Younger* analysis is conducted in three steps. First, federal courts consider whether a qualifying state-court proceeding is pending. *Tokyo Gwinnett, LLC v. Gwinnett Cnty.*, 940 F.3d 1254, 1267–68 (11th Cir. 2019). If so, federal courts then consider whether it is

appropriate to abstain under the factors set forth in *Middlesex*. *Id.* at 1268. If abstention appears to be appropriate, federal courts then must determine whether any exception to *Younger* applies. *Middlesex*, 457 U.S. at 435; *Kugler v. Helfant*, 421 U.S. 117, 123–25 (1975).

### 1. *There is an Ongoing, Qualifying State Proceeding*

Florida is currently prosecuting Jackson for kidnapping with the intent to commit or facilitate the commission of another felony. *Jackson*, No. 01-2023-CF-001592-A, Amended Information (8th Jud. Cir. July 11, 2024); Doc. 1 at 2. Accordingly, this first criterion for *Younger* abstention is satisfied.

### 2. *The* **Middlesex** *Factors Weigh in Favor of Abstention*

At the second step of the *Younger* analysis the District Court must consider whether: (1) the federal action would interfere with ongoing qualifying state judicial proceedings; (2) the state proceedings implicate important state interests; and (3) the underlying state proceedings afford litigants an adequate opportunity to raise federal claims. *Tokyo Gwinnett, LLC*, 940 F.3d at 1267–68.

### a. Interference with State Judicial Proceedings

In order to determine whether a federal proceeding would interfere with the state proceeding, court looks "to the relief requested and the effect it would have on the state proceedings. The relief sought need not directly interfere with an ongoing proceeding or terminate an ongoing proceeding in order for *Younger* abstention to be required." *31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003) (citations omitted).

Jackson requests that the District Court dismiss Florida's prosecution of Jackson and quash any outstanding arrest warrants. Doc. 1 at 8. The relief Jackson requests necessarily conflicts with the pending state court proceedings. Therefore, the first *Middlesex* factor weighs in favor of abstention.

### b. Important State Interests are at Stake

The State of Florida's criminal prosecution of Jackson implicates important state interests. *Younger*, 401 U.S. at 41–44. The adjudication of criminal cases—which is a facet of crime prevention—is an important state interest, particularly when there are victims involved. *Calderon* v. *Thompson*, 523 U.S. 538, 556 (1998); *United States v. Salerno*, 481 U.S.

739, 750 (1987). "[P]reventing and dealing with crime is much more the business of the States than it is of the Federal Government . . . ." *Patterson v. New York*, 432 U.S. 197, 201 (1977). The "State has a strong sovereign interest in ensuring public safety and criminal justice within its territory, and in protecting all crime victims. . . . The State also has a strong interest in ensuring that criminal offenders . . . are appropriately punished and do not harm others in the State." *Oklahoma v. Castro-Huerta*, 597 U.S. 629, 651 (2022). Because of this, there is a "strong judicial policy against interference with state criminal proceedings." *Arizona v. Manypenny*, 451 U.S. 232, 243 (1981). Accordingly, the second *Middlesex* factor also weighs in favor of abstention.

    c.    **<u>Adequate Opportunity to Raise Federal Claims</u>**

To demonstrate that he lacks an adequate opportunity to raise his claims in Florida courts, Jackson must assert that he is procedurally prevented from raising the claims during trial or at a subsequent stage of the criminal proceedings. *See Johnson*, 32 F.4th at 1101 ("what matters is whether the plaintiff is *procedurally* prevented from raising his constitutional claims in the state courts.") (citing *Pompey v. Broward Cnty.*, 95 F.3d 1543, 1551 (11th Cir. 1996)). Jackson has not alleged that

he cannot raise his federal claims in the Florida courts and there is no reason to believe that the Florida courts will fail to consider such claims. Therefore, the third *Middlesex* factor weighs in favor of abstention.

### 3. *There Are No Applicable Exceptions to* **Younger**

A district court may elect not to abstain from interfering in state criminal proceedings when a petitioner demonstrates: (1) there is evidence that the relevant state is operating in bad faith; (2) the petitioner will suffer irreparable injury; or (3) there is no adequate state forum in which the petitioner can raise constitutional issues. *Johnson*, 32 F.4th at 1099 (citing *Younger*, 401 U.S. at 46–49; *Kugler*, 421 U.S. at 123–25).

Here, Jackson has not alleged that the State is motivated by bad faith. The bad faith exception is a narrow one, which principally applies to "cases of proven harassment . . . by state officials in bad faith." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971); *Bristol-Meyers Squibb Co. v. Connors*, 979 F.3d 732, 738 (9th Cir. 2020).

To establish bad faith, a petitioner must show that the respondent has no "reasonable expectation" of prevailing in the state proceedings. *Kugler*, 421 U.S. at 126 n.6; *Younger*, 401 U.S. at 48–49 (explaining that

bad faith prosecutions are brought without an intention of obtaining a conviction or for harassment); *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 621 (9th Cir. 2003); *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 199 (2d Cir. 2002); *Redner v. Citrus Cnty.*, 919 F.2d 646, 650 (11th Cir. 1990). A bald assertion of ill will or a retaliatory motive is insufficient. *Phelps v. Hamilton*, 59 F.3d 1058, 1067 (10th Cir. 1995). "Mere conclusory allegations" also "are insufficient to overcome *Younger*—a plaintiff seeking to avoid *Younger* must affirmatively demonstrate the justification for application of an exception." *Kirschner v. Klemons*, 225 F.3d 227, 236 (2d Cir. 2000); *Wilson v. Thompson*, 593 F.2d 1375, 1383 (5th Cir. 1979).

Jackson has not demonstrated that the State's prosecution lacks any merit and that the State has no reasonable expectation of prevailing. Furthermore, on July 25, 2024, Eight Judicial Circuit Judge Phillip A. Pena held a preliminary hearing. Judge Pena found sufficient cause to permit the State to continue to prosecute Jackson. *Jackson*, No. 01-2023-CF-001592-A, Order on Defendant's "Demand for Adversary Preliminary Hearing" Following Hearing (8th Jud. Cir. August 6, 2024). This finding indicates that the State has a reasonable basis to prosecute Jackson.

Jackson also has not alleged harassment or any other extraordinary circumstances that would make it inappropriate for the District Court to abstain. The "cost, anxiety, and inconvenience of having to defend against a single prosecution alone do not constitute 'irreparable injury'" warranting federal interference in the state criminal proceeding. *Kugler*, 421 U.S. at 124. Because the *Younger* abstention doctrine applies and Jackson has not alleged any sound basis for the District Court to interfere with Florida's prosecution of Jackson, the District Court should dismiss this action.

### III. CONCLUSION

Because Jackson has not exhausted his available state remedies and the abstention doctrine articulated in *Younger* precludes the District Court from enjoining the state prosecution, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** without prejudice Jackson's petition for a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.

2. Order the clerk of the court to close this case file.

At Pensacola, Florida, this 3rd day of September, 2024.

/s/ *Michael J. Frank*
Michael J. Frank
United States Magistrate Judge

## NOTICE TO THE PARTIES

The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. If the parties dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**